UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BRIAN WILLIAM JOHNSON,

        Plaintiff,

        Case No. 1:25-cv-688

v.

        Honorable Sally J. Berens

KALAMAZOO COUNTY JAIL
MEDICAL STAFF et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a county detainee under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated at the Kalamazoo County Jail in Kalamazoo, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the Kalamazoo County Jail Medical Staff, Kalamazoo County Sheriff Richard Fuller III, and Kalamazoo County Jail Head Nurse Shelly Lehman. (Compl., ECF No. 1, PageID.2.) Plaintiff sues Defendants Kalamazoo County Jail Medical Staff and Fuller in their individual and official capacities, and he sues Defendant Lehman in her official capacity only. (*Id.*)

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

In Plaintiff's complaint, he alleges that "on or about 5-11-25 to 5-16-25, [he] had a real bad seizure in A North 8, which is on the second floor of the Kalamazoo County Jail."[2] (*Id.*, PageID.3.) Plaintiff "fractured [his] neck and had to get admitted to Bronson Hospital for a few days," and his "T7 bone was fractured because [he] was in a hard cell and was not on ground level." (*Id.*) Plaintiff states that "come to find out, [he] was supposed to be in a padded cell" and to "have a bottom bunk detail." (*Id.*) Instead, Plaintiff "was given a top bunk." (*Id.*)

Plaintiff alleges that Defendant Lehman "was suppose[d] to make sure [Plaintiff] had a bottom bunk detail and a padded cell due to [his] seizures," and Defendant Sheriff Fuller "was suppose[d] to make sure his staff [wa]s following safety protocol and proper procedures, [and] also follow[ing] policies." (*Id.*)

Because it appears that Plaintiff is a pretrial detainee, the Court construes Plaintiff's complaint to raise Fourteenth Amendment due process claims against Defendants. *See generally Brawner v. Scott Cnty.*, 14 F.4th 585 (6th Cir. 2021). As relief, Plaintiff seeks monetary damages. (Compl., ECF No. 1, PageID.4.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The

---

[2] In this opinion, the Court corrects the capitalization, spelling, and punctuation in quotations from Plaintiff's complaint.

court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendant Kalamazoo County Jail Medical Staff

Plaintiff names the entire Kalamazoo County Jail Medical Staff as a Defendant. (Compl., ECF No. 1, PageID.2.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Any "[s]ummary

5

reference to a single, five-headed 'Defendants' [or staff] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))). And Plaintiff's claims against Defendant Kalamazoo County Jail Medical Staff fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, to the extent that Plaintiff intended to name the Kalamazoo County Jail itself as a Defendant (*see* Compl., ECF No. 1, PageID.1), the Kalamazoo County Jail is not a separate entity capable of being sued. *See*, *e.g.*, *Ryan v. Corizon Health Care*, No. 1:13-cv-525, 2013 WL 5786934, at *7 (W.D. Mich. Oct. 28, 2013) (discussing that "individual prisons named as Defendants . . . are buildings used . . . to house prisoners," and "[t]hey are not the proper public entity for suit"); *Poole v. Michigan Reformatory*, No. 09-cv-13093, 2009 WL 2960412, at *1 (E.D. Mich. Sept. 11. 2009) ("Plaintiff names the Michigan Reformatory, the Earnest C. Brooks Correctional Facility, and the Macomb Correctional Facility as defendants in this action. Those entities, however, are institutions operated by the MDOC and are not . . . legal entities subject to suit . . . .").

Accordingly, all of Plaintiff's claims against Defendant Kalamazoo County Jail Medical Staff will be dismissed for failure to state a claim.

6

### B. Defendants Fuller and Lehman

#### 1. Official Capacity Claims

Plaintiff sues Defendants Fuller and Lehman in their official capacities.[3] (Compl., ECF No. 1, PageID.2.)

Official capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). An official capacity suit is to be treated as a suit against the entity itself. *Id.* at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)); *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent," and the suit is not against the official personally. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); *see also Graham*, 473 U.S. at 165–66.

Here, Plaintiff's suit against Defendant Fuller—the Kalamazoo County Sheriff—in his official capacity necessarily intends to impose liability on the county. As to Defendant Lehman—identified by Plaintiff as the "Head Nurse" at the Kalamazoo County Jail—it is not clear from Plaintiff's complaint whether Lehman is employed by the county or a private entity that contracts with the county to provide healthcare to inmates. Regardless, the requirements for a valid Section 1983 claim against a county apply equally to private corporations that are deemed state actors for purposes of Section 1983. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (recognizing that the holding in *Monell*, 436 U.S. 658, has been extended to private corporations); *Street*, 102 F.3d at 817–18 (same).

---

[3] Plaintiff sues Defendant Fuller in Fuller's official capacity and individual capacity (Compl., ECF No. 1, PageID.2), and Plaintiff sues Defendant Lehman in Lehman's official capacity only. (*Id.*)

Kalamazoo County may not be held vicariously liable for the actions of its employees under Section 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell*, 436 U.S. at 694. Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire*, 330 F.3d at 815. "Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (citing *Monell*, 436 U.S. at 692).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690. Moreover, the United States Court of Appeals for the Sixth Circuit has explained that a custom "for purposes of *Monell* liability must' be so permanent and well settled as to constitute a custom or usage with the force of law.'" *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.* at 508.

Here, although Plaintiff's complaint alleges wrongdoing by staff at the Kalamazoo County Jail, Plaintiff fails to allege the existence of a custom or policy, let alone that any policy or custom was the moving force behind his alleged constitutional injuries. *Cf. Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of Section 1983 action when plaintiff allegation of policy or custom was conclusory, and plaintiff failed to allege

8

facts tending to support the allegation). Furthermore, to the extent that Plaintiff suggests the existence of a custom regarding inmates' housing placement at the Kalamazoo County Jail, his allegations are wholly conclusory. To show that a governmental entity has an unlawful custom, a plaintiff must show the existence of "practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61. Plaintiff's allegations do not show a widespread pattern. And, to the extent that Plaintiff intended to suggest such a pattern, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under Section 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (2007).

Accordingly, because Plaintiff fails to allege the existence of a policy or custom, Plaintiff fails to state a claim against Defendants Fuller and Lehman in their official capacities.

### 2. Individual Capacity Claims

Moreover, as to Plaintiff's individual capacity claims against Defendant Fuller, and even if Plaintiff had sued Defendant Lehman in her individual capacity, as explained below, Plaintiff's complaint is subject to dismissal for failure to state a claim because Plaintiff fails to allege sufficient facts showing how Defendants Fuller and Lehman were personally involved in the violation of Plaintiff's constitutional rights. (*See generally* Compl., ECF No. 1.)

Because it appears that Plaintiff is a pretrial detainee, the Court construes Plaintiff's complaint to raise Fourteenth Amendment due process claims against Defendants Fuller and Lehman in their individual capacities. Until recently, the Sixth Circuit "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Brawner*, 14 F.4th at 591). However, in *Kingsley v. Hendrickson*, the United States Supreme Court differentiated the standard for excessive force claims brought by pretrial detainees under the Fourteenth Amendment's Due Process Clause from those brought by convicted prisoners under the Eighth

9

Amendment. 576 U.S. 389, 392–93 (2015). Specifically, the United States Supreme Court held "that a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396–97.

However, *Kingsley* left unanswered the question of "whether an objective standard applies in other Fourteenth Amendment pretrial-detainment contexts." *Brawner*, 14 F.4th at 592. Subsequently, in *Brawner*, the Sixth Circuit modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness. *Id.* at 592, 596. At issue in *Brawner* was a pretrial detainee's claim for deliberate indifference to medical needs. The Sixth Circuit held that to show deliberate indifference, "[a] pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Id.* at 596–97 (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)); *see also Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 316–17 (6th Cir. 2023) (affirming that *Kingsley*, as interpreted by *Brawner*, required courts to "lower the subjective component from actual knowledge to recklessness"). That is, a pretrial detainee must show that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Brawner*, 14 F.4th at 596 (citation and quotation marks omitted). Further, a pretrial detainee must still show that he faced a sufficiently serious risk to his health or safety to satisfy the objective prong. *Cf. Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022) (stating that "*Brawner* left the 'objectively serious medical need' prong untouched"); *Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims).

Here, as to the objective component, Plaintiff alleges that "on or about 5-11-25 to 5-16-25, [he] had a real bad seizure." (Compl., ECF No. 1, PageID.3.) Plaintiff further alleges that he

"fractured [his] neck and had to get admitted to Bronson Hospital for a few days," and his "T7 bone was fractured because [he] was in a hard cell and was not on ground level." (*Id.*) Based on Plaintiff's allegations, Plaintiff has alleged sufficient facts to suggest that his seizure in May of 2025 and his resulting injuries constituted a serious medical need and satisfy the objective component.

With respect to the subjective component, as discussed above, a pretrial detainee, such as Plaintiff, must allege sufficient facts to show that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Brawner*, 14 F.4th at 596 (citation and quotation marks omitted). In the complaint, Plaintiff states that "come to find out, [he] was supposed to be in a padded cell" and to "have a bottom bunk detail." (Compl., ECF No. 1, PageID.3.) Plaintiff, instead, "was given a top bunk." (*Id.*)

Without providing any further explanation or dates, Plaintiff's only allegations against Defendants Fuller and Lehman are that Defendant Fuller "was suppose[d] to make sure his staff [wa]s following safety protocol and proper procedures," and that Defendant Lehman "was suppose[d] to make sure [Plaintiff] had a bottom bunk detail and a padded cell due to [his] seizures." (*Id.*) Plaintiff fails to allege any facts to show that Defendant Fuller had any *personal involvement* in the matter. (*See id.*); *see also Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). With respect to Defendant Lehman, although Plaintiff alleges in a conclusory manner that Lehman "was suppose[d] to make sure [Plaintiff] had a bottom bunk detail and a padded cell due to [his] seizures," Plaintiff alleges no facts about *when* Lehman "was suppose[d] to make sure [Plaintiff] had" this housing placement—was it before the May 2025 seizure or after

11

the May 2025 seizure? Plaintiff appears to ask the Court to fabricate plausibility to his claims from mere ambiguity; however, ambiguity does not support a claim. Indeed, Plaintiff alleges no facts to suggest that Defendant Lehman, let alone anyone at the Kalamazoo County Jail, knew that Plaintiff had seizures *prior to* the May 2025 seizure. (Compl., ECF No. 1, PageID.3.)

Plaintiff also alleges no facts regarding why he "was supposed to be in a padded cell" and to "have a bottom bunk detail." (*Id.*) For example, Plaintiff alleges no facts about whether he has a history of seizures, and if so, whether he disclosed that history upon his intake into the Kalamazoo County Jail. Without facts showing that Defendants had some knowledge of Plaintiff's propensity for seizures prior to the May 2025 seizure, Plaintiff necessarily fails to show that Defendants acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Brawner*, 14 F.4th at 596 (citation and quotation marks omitted). In short, Plaintiff's conclusory assertion that Lehman "was suppose[d] to make sure [Plaintiff] had a bottom bunk detail and a padded cell due to [his] seizures" *without supporting facts* to explain what Lehman in fact knew about Plaintiff's medical needs prior to the May 2025 seizure is insufficient to state a claim against Lehman. And Plaintiff alleges no facts about whether he received a bottom bunk placement after the May 2025 seizure. (*See* Compl., ECF No. 1, PageID.3.) Without facts about Plaintiff's housing placement after the May 2025 seizure, Plaintiff fails to show that once Plaintiff's seizure risk was known at the Kalamazoo County Jail due to him experiencing a seizure in May of 2025, anyone at the Kalamazoo County Jail, let alone Defendants, acted recklessly.

It is clear that Plaintiff seeks to hold Defendants Fuller and Lehman liable due to their supervisory positions; however, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious

liability. *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). And Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995)). Here, Plaintiff fails to allege any *facts* showing that Defendants Fuller and Lehman encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in their conduct.

Accordingly, for these reasons, Plaintiff fails to state a claim against Defendants Fuller and Lehman in their individual capacities.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an

appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

    A judgment consistent with this opinion will be entered.


Dated:   July 1, 2025                      /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        United States Magistrate Judge